## Adams and others *v.* Heisel.

*(Circuit Court, N. D. Ohio, E. D.* April Term, 1887.)

1. TRADE-MARK—WHAT IT MAY COVER.

   A manufacturer of chewing gum cannot obtain a trade-mark for the form of the sticks in which the gum is made, nor for the peculiar shape and decoration of the boxes in which it is put upon the market, nor for the particular manner in which the gum is arranged in the boxes.

2. SAME—DECLARATION—CHEWING GUM.

   Manufacturers of chewing gum filed their declaration to the following effect: "Our trade-mark consists in the arbitrary word 'Sappota.' This has generally been arranged * * * in ornamental block letters, printed in pink, gradually increasing in depth of color from the letter 'S' to the letter 'A,' on an inclined line, and in connection with the word 'Tolu.' Above the right-hand part of the words 'Sappota Tolu' is the word 'Adams,' and below the left-hand part are the words 'Chewing Gum;' but other forms of type may be employed, or it may be differently arranged or colored, or the words 'Tolu,' 'Adams,' and 'Chewing Gum' may be omitted or changed at pleasure, without materially altering the character of our trade-mark, the essential feature of which is the word 'Sappota.'" *Held,* that the trade-mark was confined to the name adopted, with the form and color of the letters used in the printed label on the inside of the lid of the paper box, and that it could not be broadened, for the purposes of a suit for infringement, so as to cover the whole box, with all its ornaments and forms of putting up the gum, and the colors used in such decorations.

3. SAME—NAMES—INFRINGEMENT.

   The vending of a variety of chewing gum under the name of "Heisel's Elastic Tolu" is not an infringement of the trade-mark "Adams' Sappota Tolu Chewing Gum," the similarity and resemblance between the two names not being such as to deceive a purchaser in buying the first for the second.

In Chancery.

*Charles P. Jacobs,* for complainants.

*E. Sorrcrs* and *E. S. Blandin,* for respondents.

WELKER, J. The complainants allege that about the year 1884, while doing business in the city of New York, they commenced the preparation, manufacture, and sale of a certain form of chewing gum; and that they invented and composed therefor a trade-mark, which was wholly original with themselves, viz., "Sappota Tolu," and describe how they put up the gum, and the boxes in which it was packed, with letters and pictorial ornaments, with panels and borders used upon such boxes;

and that they have continuously used the said trade-mark, and put upon market their gum in boxes labeled and decorated as described; and allege that the defendant is using their trade-mark; and ask an injunction against the defendant to restrain him from such use, and a decree for damages. The defendant denies the use of said trade-mark, or its infringement.

The first question to settle is, what is the complainants' trade-mark? They insist that the name of "Sappota Tolu," printed on the inside lids of their boxes, as well as the form and decorations of their boxes, and the manner of putting up for market of their chewing gum, altogether constitute their trade-mark. If that be so, then the defendant has infringed all of said *indicia* or parts of the complainants' trade-mark except the name of the manufactured chewing gum, and the name of the manufacturer thereof.

It is well settled that a person cannot obtain the monopoly incident to a trade-mark by the mere form of a vendable commodity that may be adopted. In this case the complainants could not obtain a trade-mark for the form of the sticks of chewing gum they might manufacture, nor by the use of a peculiar form and decoration of the boxes they may use to hold the sticks of gum, nor in the manner in which the gum might be placed in the boxes. These qualities and forms are common to the manufacture, and may be made similar, without injury to others who may use the same forms. The complainants must, therefore, be restricted in their trade-mark to some well-defined and specific name or device that may and does designate and distinguish their product of chewing gum from those of other manufacturers of a like article, and for like purposes. This mark may consist of the name of the manufacturer, printed, branded, or stamped in a mode peculiar to itself, or a seal, a letter, a cipher, a monogram, or any sign or symbol, to so distinguish it as their product. These symbols and emblems, by continued use, may be recognized in trade as the mark of the goods of a particular person; and when so adopted and used may constitute such a property as that no other manufacturer or trader has a right to affix them to goods of a similar description and character. In other words, that would authorize such manufacturer to have the exclusive use of such marks of his goods, and in the use of which he may be protected against all infringers thereof.

What is a trade-mark? A "mark" means to make a visible sign upon something; to affix a significant mark to; to draw, cut, fasten, brand; a token upon, indicating or intimating something; to affix an indication to; to attach one's name or initials to. Webst. Dict. A trade-mark, therefore, consists of the use in trade of such a mark, placed upon goods manufactured by a particular person and placed in market with such marks, for sale and trade. The complainants undertook, in 1885, to put upon record in the patent-office of the United States, under a particular statute authorizing it to be done for special purposes, what they claimed to be their trade-mark for the manufactured product. In that application they describe, as they were required to do by the statute, in what their trade-mark consisted. They say:

"Our trade-mark consists in the arbitrary word 'Sappota.' This has generally been arranged as in the accompanying fac-simile, in which it appears in ornamental block letters, printed in pink, gradually increasing in depth of color from the letter 'S' to the letter 'A,' on an inclined line, and in connection with the word 'Tolu.' Above the right-hand part of the words 'Sappota Tolu' is the word 'Adams,' and below the left-hand part are the words 'Chewing Gum,' but other forms of type may be employed, or it may be differently arranged or colored, or the words 'Tolu,' 'Adams,' and 'Chewing Gum' may be omitted or changed at pleasure, without materially altering the character of our trade-mark, the essential feature of which is the word 'Sappota.'"

In the same declaration they also say, "We have adopted for our use a trade-mark of chewing gum of which the following is a specification," describing it as above; and they also say that "this mark has been used continuously in business by us since 1878."

Although the filing of this declaration in the patent-office under the statute gave these complainants no new rights for the purposes of this suit, and did not itself give them any trade-mark rights, only such as the statute gave them, and does not in the least affect their common-law rights to, or remedies connected with, the right of a trade-mark, yet it does very clearly show what, at that time, and before and since, said application was regarded by the complainants as their trade-mark, in what it specially consisted, and by which declaration and description their trade-mark must be understood to have been adopted as so described. The complainants cannot now so broaden and enlarge their trade-mark as to cover the whole box, with all its ornaments and forms of putting up the gum, and the colors used in such decorations, and thereby prevent others from using these forms of putting up gums for sale.

The complainants' trade-mark, then, being confined to the name adopted, with the form and color of the letters used in the printed label on the inside of the lid of the paper boxes as set out in the exhibit of their boxes, does the respondents infringe such trade-mark? He does not use the name of "Sappota Tolu," but that of "Elastic Tolu." He does not use the name of "Adams," but that of "Heisel's;" nor does he use the arrangement of colors used by the complainants. There is a general similarity of the boxes, and the form of the decorations, and arrangement of the gum in the boxes; but, as these do not constitute the complainants' trade-mark, this use does not constitute any infringement. In the exercise of reasonable care by a purchaser, to ascertain whether the complainants manufactured the gum said to be placed on the market by the defendant, and resembling it, no purchaser need be deceived in purchasing gum called "Elastic Tolu" for "Sappota Tolu" chewing gum. Such similarity and resemblance, being the test of infringement of a trade-mark, do not appear to that extent in this case as to authorize a decree for injunction, or any relief.

The bill is dismissed, at costs of complainants.

JACKSON, J., having examined with me this case at chambers, fully concurs in this decree.