DE LONG HOOK & EYE CO. v. FRANCIS HOOK & EYE & FASTENER CO.

(Circuit Court, W. D. New York. November 8, 1902.)

. Trade-Marks—Scope—Form and Lettering of Cards.
    A corporation engaged in manufacturing patented hooks and eyes is not entitled to appropriate the form of the cards on which the hooks were fastened, lettered horizontally between rows of hooks and eyes, in connection with and as a necessary corollary to its trade-mark.

2. Same—Unfair Competition—Injunction Pendente Lite.
    In an action for unfair competition, affidavits in support of a preliminary injunction showed that plaintiff's trade-mark consisting mainly in the words, "See that Hump?" in connection with the name "De Long," and that the arbitrary word "Hump" was an essential characteristic by which its goods became known to the public, and that these words were not used by defendant; and that the manner in which defendant dressed its goods on cards, while similar to the cards used by plaintiff, were not such as to mislead an ordinary purchaser. Held, that an injunction would not be granted pendente lite.

---

¶ 2. Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.

In Equity.

Stern & Rushmore (Charles E. Rushmore and William C. Strawbridge, of counsel), for complainant.

Macomber & Ellis (Tracy C. Becker, of counsel), for defendant.

HAZEL, District Judge.  A bill in equity has been filed by the De Long Hook & Eye Company against the Francis Hook & Eye & Fastener Company for unfair competition in trade and recovery of damages for imitating complainant's form of hook and eye and its manner of placing the same upon the market.  This is an application for preliminary injunction.  A careful examination of the affidavits presented and of the various exhibits, consisting of cards upon which hooks and eyes are attached, leads to the conclusion that the words of complainant's trade-mark, "See that Hump?" in connection with the name "De Long," and the arbitrary word "Hump," were the essential characteristics by which its goods became known to the public.  It would appear that complainant sought thereby to not only completely distinguish its product from that of defendant and other competitors, but also by its use and extensive advertising to acquire a special value and larger market.  The complainant cannot appropriate the form of the cards lettered horizontally between rows of hooks and eyes, in connection with and as a necessary corollary to its trade-mark. Enoch Morgan's Sons Co. v. Troxell, 89 N. Y. 297, 42 Am. Rep. 294; Adams v. Heisel (C. C.) 31 Fed. 279.  The especial attention of the public is called to complainant's registered trade-mark by its advertisements and cards.  The adopted trade-mark evidently is employed to distinguish its goods from the goods of all competitors.  On the reverse side of the cards are printed the words:  "It's genuine if on the face and back of every card of the Famous De Long Hooks and Eyes you find the words, 'See that Hump?'"  The words "De Long Hook and Eye," "See that Hump?" and "Hump" are made distinctively prominent upon complainant's wares and in its advertisements. Neither the trade-mark nor the words "De Long" and "Hump" are used by defendant.  By the affidavits of the defendant, read on the motion, it appears that the formation of words and letters, shading, size of cards, etc., are not in themselves calculated to deceive an intending purchaser of complainant's article.  Complainant contends that in some instances witnesses for defendant have made false statements in regard to the period of time when the hump hook made its appearance on the market.  The De Long Hump Hook was patented October 1, 1889.  It is not claimed that defendant infringes it.  Defendant, however, claims that the hump hook came into use a long time prior to the date of complainant's patent.  In reply to this assertion complainant argues that the particular hump hooks alluded to by defendant were abandoned because of their faulty construction. Many affidavits read by defendant tend to show that the manner of printing the cards, of attaching hooks and eyes, labeling their backs, and other collocations of elements are old, and were in common use prior to their adoption by complainant.  If this be true, complainant has sustained no injury.  It is held that, when the style and manner

of dressing a commodity is old, and in common use, such methods may be adopted without infringing the rights of others who may use the same style. These averments of prior use are denied, or attempted to be explained, by complainant on the argument. The establishment of facts showing a general as well as a prior use is of prime importance. Cross-examination of defendant's witnesses may demonstrate the falsity of the evidence on this and other points. Proof is now sufficiently before the court to preclude the issuance at this time of a preliminary injunction, which, in effect, would be a final determination of the points in controversy at the threshold of the proceeding. The general rule of law in cases of this character is stated as follows in Scheuer v. Muller, 20 C. C. A. 165, note, 74 Fed. 225:

"Independently of the existence of any technical trade-mark, no manufacturer or vendor will be permitted to so dress up his goods by the use of names, marks, letters, labels, or wrappers, or by the adoption of any style, form, or color of packages, or by the adoption of any or all of these indicia, as to cause a purchaser to be deceived into buying his goods as and for the goods of another."

Defendant's affidavits tend to show that an ordinary buyer purchasing in the usual manner is not deceived by any simulation in defendant's manner of dressing its goods into believing that he is buying the goods of complainant. The similarities pointed out by the complainant in view of the employment of the trade-mark itself as a distinctive identification is no deception upon the public, if proper consideration be given upon this motion to the opposing affidavits. It does not appear that any ordinary purchaser has been misled. It is not clear from the large number of exhibited cards with hooks and eyes attached, many of them apparently like complainant's cards, but without its trade-mark, or any simulation thereof, that defendant's article is a fraud upon the complainant. As the case appears upon this motion, complainant's goods have achieved distinctive recognition by the public by the exploitation of its trade-mark, an arbitrary designation, and not by any other of the collated elements which it employs to dress its goods. Nor does the defendant's manner of placing the invisible eyes upon its cards in imitation of complainant disturb this view. It now appears that complainant should rely upon its trade-mark, an arbitrary designation, to prevent the competition of enterprising rivals in trade. I am therefore satisfied that the proofs before me at this time do not disclose sufficient facts to justify this court, in the exercise of its equitable jurisdiction, to enjoin the defendant pendente lite.

Motion denied.