**In re VERTEX HOSIERY MILLS, Inc.**
**Patent Appeal No. 2525.**

Court of Customs and Patent Appeals.
Dec. 1, 1930.

Emery, Booth, Varney & Townsend, of Boston, Mass. (Irving U. Townsend, of Boston, Mass., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This is an appeal from the decision of the Commissioner of Patents, sustaining the decision of the Examiner of Trade-Mark Interferences, which held that appellant was not entitled to the registration of a trade-mark which is described as follows:

"The mark is applied or affixed to the goods by knitting onto the outer surface thereof a ridge composed of a few, immediately successive, accumulated courses of knitted loops of the self-color of the hosiery, completely encircling the same upon the outer surface thereof, a short distance below the welt, regardless of any run-stop characteristic possessed by the hosiery, no claim being made as a Trade Mark for any possible function of said ridge when the hosiery is being worn, the said ridge being arbitrarily employed to indicate origin to hosiery dealers and to the purchasing public, of the hosiery whereon it appears."

A patent for the same subject-matter as that described in appellant's description of its trade-mark was granted to Miller, No. 1,-567,535, issued December 29, 1925, and is now owned by appellant. The trade-mark description calls for "the self-color of the hosiery," whereas it is claimed by appellant that the claim in the Miller patent would permit yarns or threads of different kinds and colors being used.

Appellant's application in the Patent Office was involved in opposition proceedings with the Gotham Silk Hosiery Company, Inc., and others, where appellant was successful. Much of the record is devoted to this phase of the case, but we are concerned only with the registrability or nonregistrability of appellant's proposed trade-mark.

The Commissioner of Patents, in a very well-written and well-considered opinion, affirmed the action of the Examiner of Trade-Mark Interferences on the ground that the trade-mark was an integral part of the goods, functioned in connection with the same, and was descriptive of the goods. In the Commissioner's decision we find the following:

"It is not denied by the applicant that these ridges appearing upon its goods have this mechanical function and are knitted in during the process of manufacture as an integral permanent part of the stockings but the applicant has pressed the view and has submitted affidavits in support thereof that these ridges were adopted originally to indicate origin or ownership, were adopted for trade mark purposes, and that their mechanical function is at most merely incidental and secondary. Applicant has urged that it may be possible, at least in some stockings, to knit in the ridges without having the threads crossed whereby the runs would be stopped so that the ridge would then not possess any mechanical function. Even if this were admitted, however, there is no contention that the threads in the samples furnished and the stockings in connection with which the ridges have been used were knit in any other manner than so that the runs would be stopped. The fact is noted by the applicant that other arrangements long prior to the appearance of the ridges adopted by the applicant have been employed by others to stop runs in stockings and that, broadly, there is no novelty in

constructing stockings with such safeguards. The fact can not be overlooked, however, that when the ridges were first used by the applicant they were knit in during manufacture in accordance with the disclosures of the patents referred to and when so knit in they functioned as integral parts of the stockings and possessed the mechanical advantages above outlined.

"Upon the facts as here established or admitted it is believed trade mark use can not be predicated. A trade mark, under the statutes as construed by the adjudicated cases, can not be an integral part of the goods and function in connection with the latter. The examiner of interferences noted in support of his decision in the opposition proceedings and in which decision he denied the applicant's right to register the mark for the reasons already set forth, the holdings in the cases of In re American Circular Loom Company, 126 O. G. 2191, 28 App. D. C. 450, and Ex parte Oneida Community, Ltd., 198 O. G. 899, 41 App. D. C. 260. To these may be added the case of In re Goodyear Tire & Rubber Company, 339 O. G. 764, 55 App. D. C. 400 [4 F. (2d) 1013], concurred in by the U. S. Circuit Court of Appeals, Fourth Circuit [25 F. (2d) 833], 370 O. G. 354, April 10, 1928. * * *

" * * * To grant applicant the registration sought would be, since registration may be renewed any number of times, equivalent to granting applicant a perpetual patent upon a run-stopping ridge knit into a stocking."

It is urged by appellant's counsel that the color of its trade-mark is limited to the color of the hosiery, while in the Miller patent, supra, appellant is protected as against any color, and that any one desiring to use the run-stop function of the Miller patent, supra, after its expiration, could do so by using a different color, but concedes that the change of threads would entail more labor. We know of no good reason why the public is not entitled to use any color it chooses at the expiration of the Miller patent.

The rejection of appellant's application upon the ground that the proposed trade-mark is an integral part of the goods, and as such performs a function and is descriptive within the prohibition of the statute, is amply supported by numerous authorities which we will cite, but not discuss. Daniel v. Electric Hose & Rubber Co. (C. C. A.) 231 F. 827, involved corrugations running longitudinally on a hose to prevent kinking; In re Oneida Community, 41 App. D. C. 260, 1914 C. D. 107, involved a circular or O-shaped film on the back of spoon bowls; Smith v. Krause (C. C.) 160 F. 270, involved ribbons having woven therein the proposed trade-mark "Merrie Christmas"; Goodyear Tire & Rubber Co. v. Robertson (C. C. A.) 25 F. (2d) 833, 1928 C. D. 225, involved diamond-shaped projections on the treads of automobile tires. In each of the above cases registration was denied because the mark was an integral part of the merchandise.

In this court we have held in Re Dennison Manufacturing Co. (patents) 39 F. (2d) 720, that an urn-shaped figure forming a patch for a shipping tag could not be made the subject-matter for a trade-mark, and there said:

"It is well settled that the configuration of an article having utility is not the subject of trade-mark protection. Adams v. Heisel (C. C.) 31 F. 279; Davis v. Davis (C. C.) 27 F. 490; Nims on Unfair Competition and Trade-Marks, § 195.

"Appellant concedes the correctness of this doctrine as applied to articles, but apparently contends that it does not apply to a part of an article, even though such part performs a useful function. We see no distinction in principle. If one may secure a valid trade-mark upon the shape or configuration of an essential part of an article, it would permit monopolies never intended to be protected by the common law relating to trade-marks, or by statutes governing their registration.

"In the case at bar, appellant affixes nothing to the patch, and if the patch, which is conceded to have utility, be removed, there would be nothing left of the trade-mark."

The decision of the Commissioner of Patents is affirmed.

Affirmed.