## In re NATIONAL STONE–TILE CORPORATION.

Patent Appeal No. 2919.

Court of Customs and Patent Appeals.
April 4, 1932.

Chas. E. Townsend, Wm. A. Loftus, and A. Donham Owen, all of San Francisco, Cal. (Harry F. Riley, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Commissioner of Patents rejecting an application of appellant for the registration of a trade-mark consisting of a shallow indentation or groove formed in the edge of the webs and end walls of a hollow tile, and extending transversely thereof, the said indentation or groove occurring on one side only of the tile. No claim is made to the representation of the tile shown in the drawing.

Registration was refused upon the ground that the grooves upon the tile constituting the mark have a mechanical or useful function, and are an integral part of the tile, and also upon the further ground that the purchasing public would not look upon said grooves as constituting a trade-mark.

A patent to one Nelson, No. 1,572,305, issued February 9, 1926, was cited, which patent is found in the record and discloses a tile of the same general type as that shown by appellant, which tile includes grooves somewhat deeper than those shown by it, but in the same positions transversely of the webs and end walls of the tile.

The patentee describes the function of these grooves as follows: " * * * The groove 42 is left by the bar 17, and is a desirable feature in building blocks as it provides for horizontal ventilation when a wall is built of these blocks."

With respect to this patent the Commissioner in his decision stated: " * * * It is evident that if the appellant obtained registration of its alleged mark the patentee could not manufacture the tile disclosed in his patent without infringing this trade-mark. While the appellant claims to have adopted this form of tile long prior to the date the patentee filed his application yet if registration were granted, it is clear the appellant would in effect obtain a perpetual patent for a tile of this type, since a trade-mark registration may be renewed indefinitely."

The Commissioner further found that, when tiles with such grooves are assembled in a wall, said grooves may be utilized for the passing of electric wires therethrough. Appellant vigorously denies that said grooves can serve any mechanical function, but we agree with the Commissioner that it is ap-

parent that such grooves may serve a useful function.

Certainly makers of tile have the right to provide communication channels throughout a wall built of tile, and appellant has no right, based upon an alleged trade-mark, to exclude them from employing grooves, such as are used by appellant, for that purpose. It seems to us that by placing the grooved sides of appellant's tiles together, that is, one upon another, a useful communicating channel would clearly be secured.

Appellant argues, however, that in practice these grooves are filled with mortar, as the tiles are laid, and hence the grooves can serve no useful purpose. But even if they are so filled, it would seem that the grooves would serve a useful purpose in that they, by means of the mortar filling them, would serve to bind the tiles more securely to each other.

It is well settled that the configuration of an article having utility is not the subject of trade-mark protection. In re Dennison Manufacturing Company, 39 F.(2d) 720, 17 C. C. P. A. 987.

We also agree with the Commissioner that it is probable that the purchasing public would not look upon appellant's grooves in its tile as constituting a trade-mark; that is to say, we do not think the purchasing public would look upon tile containing such grooves as indicating origin of the tile, but would be likely to conclude that they were formed as a convenient process of manufacture, or to serve a useful function.

The decision of the Commissioner of Patents is affirmed.

Affirmed.