26 C.C.P.A. (Patents)

**FRANKFORT DISTILLERIES, Inc., v. DEXTORA CO.**

**Patent Appeal No. 4116.**

Court of Customs and Patent Appeals.
May 29, 1939.

Raymond J. Mawhinney, of Washington, D. C., for appellant.

A. Yates Dowell, of Washington, D. C. (Keiffer G. Doub, of Cleveland, Ohio, of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark opposition proceeding from the decision of the Commissioner of Patents reversing the decision of the Examiner of Interferences sustaining appellant's notice of opposition to the registration of appellee's mark.

In his decision, the commissioner affirmed the decision of the Examiner of Interferences holding that appellee's mark was not registerable under section 5 of the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 85.

Appellee did not appeal to this court from the adverse decision of the Commissioner.

Appellee's mark is for use on "malt syrup for food purposes and cereal sugar," and comprises the word "Duffy's," reproduced "in ordinary typewritten characters within a border, below which appear two concentric circles, a portion of the outer circle merging with the lower edge of the border."

Appellant is the owner of a composite trade-mark, the dominant feature of which is "Duffy's Malt Whiskey," for use on malt whiskey.

The basis of the holdings of the tribunals of the Patent Office that appellee's mark was not registerable under section 5, supra, is that the mark is essentially an ordinary surname not "written, printed, impressed, or woven in some particular or distinctive manner."

The pertinent part of section 5, supra, provides—

" * * * That no mark by which the goods of the owner of the mark may be distinguished from other goods of the same class shall be refused registration as a trade-mark on account of the nature of such mark

* * * * * *

"Provided, That no mark which consists merely in the name of an individual, firm, corporation, or association not written, printed, impressed, or woven in some particular or distinctive manner, or in association with a portrait of the individual, * * * shall be registered under the terms of this Act [subdivision of this chapter] * * *."

Appellant's opposition to the registration of appellee's mark was based on the confusion-in-trade clause of section 5, supra, and no claim was made in appellant's notice of opposition that appellee's mark was not registerable for any other reason.

It appears from the record that appellant's mark has been used by appellant and its predecessors since about 1884. The mark was registered in the United States Patent Office, registration No. 274,479, under date of August 26, 1930, to appellant's predecessor The Frankfort Distillery, Inc. It has been extensively advertised, and has an established good will.

It was contended by counsel for appellant before the tribunals of the Patent Office, and it is contended here, that the goods—whiskey—on which appellant uses its mark and the goods—malt syrup—on which appellee uses its mark are goods of the same descriptive properties; that the marks are confusingly similar; and that the concurrent use of the respective marks on the goods of the parties would cause confusion in trade, and deceive purchasers as to origin. It is further contended by counsel for appellant that, although appellee did not appeal from the decision of the Commissioner of Patents holding its mark not registerable under the Trade-Mark Act of February 20, 1905, the issue of confusing similarity of the marks of the parties raised in appellant's notice of opposition and presented by the appeal to this court has not become moot; that, unless this court determines the issue raised by appellant's notice of opposition and holds that the goods of the parties possess the same descriptive properties, that the involved marks are confusingly similar, and that, for that reason, appellee is not entitled to register its mark under the Trade-Mark Act, supra, the tribunals of the Patent Office may permit the registration of appellee's mark under the Act of March 19, 1920, 15 U.S.C.A. § 85, under which certain trade-marks, not registerable under the Trade-Mark Act of February 20, 1905, may be registered; and that if the tribunals of the Patent Office should permit the registration of appellee's mark under the Act of March 19, 1920, appellant could secure no relief, because the statute does not provide for an appeal to this court from a Patent Office decision rendered under the provisions of that act. In other words, appellant desires a holding in this case that the marks of the parties are confusingly similar, apparently upon the theory that that issue will become res adjudicata by such a holding.

Appellant's notice of opposition was filed pursuant to the provisions of section 6 of the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 86, which provide, among other things, that "Any person who believes he would be damaged by the registration of a mark may oppose the same by filing notice of opposition, stating the grounds therefor, in the Patent Office within thirty days after the publication of the mark sought to be registered, which said notice of opposition shall be verified by the person filing the same before one of the officers mentioned in section two [82] of this act [chapter]."

Section 7 of the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 87, provides, inter alia, that in every case of "opposition to registration he [the Commissioner of Patents] shall direct the examiner in charge of interferences to determine the question of the right of registration to such trade-mark, and of the sufficiency of objections to registration, in such manner and upon such notice to those interested as the commissioner may by rules prescribe."

■ We have repeatedly held that, in trade-mark opposition proceedings, the Patent Office tribunals may dispose of any question relating to the proposed registration that might properly arise in an ex parte proceeding. American Tobacco Co. v. Wix, 20 C.C.P.A., Patents, 835, 840, 62 F.2d 835, 837, and cases cited.

In The American Tobacco Co. case, supra, it was claimed in the notice of opposition that the term "WIX," which The American Tobacco Co. desired to register as a trade-mark under the Trade-Mark Act of February 20, 1905, consisted merely of the name of an individual not "written, printed, impressed, or woven in some particular or distinctive manner," and that the opposer, Abraham Wix, would be damaged by the registration of the mark to the applicant. The Commissioner of Patents, in a decision reversing the decision of the Examiner of Interferences, held that the mark was a surname not "written, printed, impressed, or woven in some particular or distinctive manner" and, therefore, not registerable, and sustained the notice of opposition. It was contended by appellant in this court that the opposer was not using, and in fact, never had used, the mark in question, and that, therefore, he would not be damaged by the registration of appellant's mark. In our decision, we reviewed the authorities on the subject, and held that the mark was a surname, and that as it was not written, printed, impressed, or woven in some particular or distinctive manner, it was not registerable under the provisions of section 5, supra. Relative to the contention made by appellant that appellee would not be damaged by the registration of the mark, we stated that as the mark was not registerable for the reasons stated, the question of whether the opposer would be damaged by its registration was immaterial and, therefore, would not be considered. In so holding, we said, inter alia: "The only object of the opposition was to defeat registration of appellant's mark, and inasmuch as we hold that the commissioner did not err in rejecting appellant's application, it is immaterial, so far as this appeal is concerned, whether he committed error in sustaining the opposition of appellee. If he did so err, it would not be ground for reversal of his decision rejecting appellant's application."

In the case of Frigidaire Corporation v. Nitterhouse Bros., 20 C.C.P.A., Patents 865, 63 F.2d 123, the Frigidaire Corporation, the owner and prior user of the trade-mark "Frigidaire," for use on refrigerating systems, opposed the registration by Nitterhouse Bros. of the trade-mark "Frigidized Fish," for use on "foods and ingredients of foods." The opposition was based upon the confusion-in-trade clause of section 5, supra.

The Examiner of Interferences held in that case that the mark "Frigidized Fish" was descriptive, and, therefore, not registerable. He further held that as the Frigidaire Corporation, the opposer, had not alleged in its notice of opposition that the applicant's mark was descriptive, the notice of opposition should be dismissed. On appeal, the Commissioner of Patents held that the goods of the parties did not possess the same descriptive properties, and, accordingly, dismissed the notice of opposition. The commissioner further held, however, that the trade-mark "Frigidized Fish" was descriptive, and, therefore, not entitled to be registered. The opposer, the Frigidaire Corporation, appealed to this court. In our decision, we stated, inter alia:

"As we view the matter, the case is now moot. All that the opposer could have sought in his notice of opposition was to defeat the registration of the proposed mark. Such registration has been denied. Therefore, irrespective of the right of the appellant to bring such opposition proceedings, and as to this we expressly reserve judgment, there is no statutory relief which appellant may receive in this proceeding, which has not already been adjudged by the Commissioner. The question of the descriptiveness of the mark of the appellee is not involved, for the appellee has not questioned this decision by appeal.

"It follows that the appeal should be, and is hereby, dismissed. This is in harmony with our judgment in Tower & Sons v. United States, 20 C.C.P.A., Customs [364], T.D. 46131, and cases therein cited. It is also sustained by the practice of the Court of Appeals of the District of Columbia, as stated in Dunlap & Co. v. Bettmann-Dunlap Co., 57 App.D.C. 351, 23 F.2d 772.

"This case is clearly distinguishable from Celanese Corp. of America v. Vanity Fair Silk Mills, 18 C.C.P.A., [Patents], 998, 47 F.2d 375, as will appear from the facts stated therein."

In the case of Dunlap & Co. v. Bettmann-Dunlap Co., 57 App.D.C. 351, 23 F.2d 772, cited in our decision in the Frigidaire Corporation case, supra, the Court of Appeals of the District of Columbia held, as stated in the head-note, that "One opposing registration of trade-marks is not entitled to appeal from decision refusing registration, even though Examiner of Interferences held adversely on such opposer's contention that goods on which marks were used were of same descriptive properties, though opposer might have raised question by cross-appeal, if applicant had appealed."

In the instant case, appellant had a right to appeal to this court from the decision of the Commissioner of Patents, and had appellee appealed from the adverse decision of the commissioner holding that it was not entitled to register its mark, the issue raised in appellant's notice of opposition—that of confusing similarity of the involved marks—would be before the court for consideration. Pep Boys v. Fisher Bros. Co., 25 C.C.P.A., Patents, 818, 94 F.2d 204. In view of the fact, however, that appellee did not appeal from the decision of the Commissioner of Patents holding its trade-mark not registerable, the commissioner's decision became final, and, therefore, the issue of the registerability of appellee's mark is not before us for consideration. Accordingly, the issue of confusing similarity of the marks of the parties raised in this court by appellant's appeal has become moot since the taking of the appeal, and any views we might express with regard thereto would not be binding upon the Patent Office tribunals in another action under another statute. Mills v. Green, 159 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293; Jones v. Montague, 194 U. S. 147, 24 S.Ct. 611, 48 L.Ed. 913; Richardson v. McChesney, 218 U.S. 487, 31 S.Ct. 43, 54 L.Ed. 1121; Frigidaire Corporation v. Nitterhouse Bros., supra; 1 C.J.S., Actions, § 17, pp. 1012 to 1018.

The issues in the instant case are clearly distinguishable from the issues before the Supreme Court in the cases of United States v. Trans-Missouri Freight Association, 166 U.S. 290, 308, 17 S.Ct. 540, 41 L. Ed. 1007, and Southern Pac. Terminal Co. v. Interstate Commerce Commission, 219 U.S. 498, 515, 31 S.Ct. 279, 55 L.Ed. 310.

In the Freight Association case, supra, it was held that where continuing rights of the public were involved, issues did not become moot and the rights of the public foreclosed by affirmative acts of a defendant.

In the Southern Pac. Terminal Co. case, supra, the court held, as stated in one of the head-notes, that "The rule that this court will only determine actual controversies, and will dismiss if events have transpired pending appeal which render it impossible to grant the appellant effectual relief, does not apply to an appeal involving an order of the Interstate Commerce Commission merely because that order has expired. Such orders are usually continuing and capable of repetition, and their consideration, and the determination of the right of the Government and the carriers to redress, should not be defeated on account of the shortness of their term."

As was pointed out in our decisions in the cases of American Tobacco Co. v. Wix and Frigidaire Corporation v. Nitterhouse Bros., supra, the purpose of a notice of opposition is to prevent the registration of an applicant's mark. It is a statutory remedy afforded a party who believes that he would be damaged by the registration of a mark to another. The opposer does not represent the public. By virtue of section 7, supra, the tribunals of the Patent Office represent the public in proceedings of this character, and in the instant case the public interest has been conserved by the decision of the commissioner rejecting appellee's application for registration.

For the reasons stated, the appeal is dismissed.

Dismissed.