26 C.C.P.A. (Patents)

## In re CAMPBELL.

### Patent Appeal No. 4146.

Court of Customs and Patent Appeals.
June 15, 1939.

specification of appellant states that "the characteristic feature of my design consists in a depressed band formed in the bulb." This is shown in the following illustration:

Charles A. Vilas and Henry J. Savage, both of New York City (Paul A. Blair, of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office which affirmed that of the examiner rejecting, in view of the prior art, the single claim in the case which reads as follows:

1. The ornamental design for a metal capsule for compressed gases, as shown and described.

The references are:

Davison, 114,775, May 16, 1871.

Smalley, 601,988, April 5, 1898.

Korrodi, 640,207, January 2, 1900.

Korrodi, 647,002, April 10, 1900.

Schworetzky, 1,559,052, October 27, 1925.

Meyer, Des. 85,487, November 3, 1931.

The application relates to a design for a metal capsule to contain compressed gases, the capsule to be used for carbonating water in rechargeable soda syphons. The

The only reference to which we find it necessary to refer is the patent to Meyer. This patent relates to an ornamental design for a bottle as below illustrated:

 

The examiner, in his decision, held that the idea of indenting bottles is old as shown in the Meyer patent and that the indentation or groove continuously around the middle of a cylindrical bottle is shown in the Davison and Smalley patents. The examiner also held that the capsule of the application is rather conventional in shape as shown by both Korrodi patents and the Schworetzky patent and stated that "it is not seen that a patentable design has been created in the instant case by forming a continuous groove about the middle por-

tion of a capsule of the type shown in these references in view of the patents to Davison or Smalley."

The Board of Appeals, in affirming the decision of the examiner, held that it was common to have a similar groove around bottles in the prior art and if there were any improvement in the appearance of a metal capsule by providing such groove it would be suggested by the prior art. The board also stated "that Korrodi No. 640,-207 shows a groove around the neck of a capsule and to arrange this groove down further in the body of the capsule would be an obvious expedient if considered desirable."

The Board of Appeals concluded its decision with the following statement: "We have noted appellant's argument as to his difficulty in suppressing a competitor who has used capsules of the old type sold by appellant but we believe there are other obvious ways by which such competition can be met without a change in shape of the capsule itself and therefore as such change does not improve the appearance of the capsule, we are not inclined to find patentability in such change."

 We think that the purpose of appellant in selecting his design is immaterial. To warrant its patentability it must be not only ornamental but its production must also have required the exercise of the inventive faculty.

The board indicated that, in its opinion, appellant's design was not ornamental. As to this we express no opinion for the reason that it appears clear to us that its production does not constitute invention.

The patent to Meyer discloses rounded grooves in the surface of the bottle and in that respect discloses that such design is old in the prior art. To groove the metal capsule container which is relatively small, when considered in the presence of the Meyer design patent on a container much larger and made of different material, obviously does not, in our opinion require the originality which must accompany invention, although the design may be novel. In the light of the Meyer patent, we do not consider it patentable. Surely it cannot be successfully contended that the extension of the groove, in the patent to Meyer, completely around the body of the bottle would be invention. Similarly here, the fact that the groove extends around the body of the capsule does not differentiate the design from the prior art in a patentable sense.

 We cannot agree with the contention of appellant that to transfer a design for a glass bottle to the drawn-metal art would of itself amount to invention. The groove in connection with the bottle of the Meyer patent is quite similar in appearance to the groove in connection with the conventional shaped capsule. A design is something that appeals to the ocular sense and it is immaterial whether it be on metal, wood, glass, or any other solid material. The only issue before this court is whether appellant is entitled to a design patent in view of the prior art. Other matters presented in his brief, which are foreign to the issue, will not be considered here.

Both the examiner and the board have concurred in the finding that there is no invention over the prior art and with this finding we agree.

The decision of the Board of Appeals is affirmed.

Affirmed.