26 C.C.P.A. (Patents)

**SPARKLETS CORPORATION v. WALTER KIDDE SALES CO.**

**WALTER KIDDE SALES CO. v. SPARK-LETS CORPORATION.**

Patent Appeals Nos. 4162, 4164.

Court of Customs and Patent Appeals.
June 19, 1939.

Charles A. Vilas and Henry J. Savage, both of New York City (Paul A. Blair, of Washington, D. C., of counsel), for Sparklets Corporation.

Darby & Darby, of New York City (Louis D. Fletcher, of New York City, of counsel), for Walter Kidde Sales Co.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

We are here called upon to review the decision of the Commissioner of Patents refusing the application of Sparklets Corporation for registration for use on bulbs or capsules designed to contain compressed or liquefied gas, of a mark, claimed to be a trade-mark, described in the application as consisting "of a groove or depressed band located about midway of the length of the bulb but slightly nearer to its neck than to its round base, and * * * applied or affixed to the goods by spinning or pressing the same into the bulbs or capsules."

A pictorial representation of the grooved bulb may be seen in our decision in the case of In re Campbell, a design patent case, decided concurrently herewith, 104 F.2d 394, 26 C.C.P.A., Patents, ——, it being the unnumbered figure there printed. The applicant disclaimed "any exclusive right to the representation of a bulb or capsule apart from the mark shown." The mark is occasionally referred to in the record as an "Indentation on a bulb for making soda water." The bulbs are used for the purpose of carbonating water contained in rechargeable syphon bottles.

The case presents the following state of facts:

Sparklets Corporation filed its application August 1, 1936. On August 24 the examiner rejected the application, saying: "Applicant's alleged mark is of such a nature that a design patent application would be the proper protective measure to adopt. There is nothing here to indicate origin or ownership, which are requisite factors in seeking trade mark registration."

Reconsideration of the rejection was sought and the examiner again refused registration "for reasons of record." Thereafter, however, for reasons not appearing in the record, further and favorable consideration seems to have been given the application and an order was issued, reciting that the application had been passed for publication and directing its publication in the Official Gazette of November 3, 1936. In the order it was

stated that any person who believed that he would be damaged might oppose, and it was said, "If no notice of opposition is filed within said time the Commissioner may issue a certificate of registration."

On November 28, 1936, Walter Kidde Sales Company (appellee in Suit No. 4162 and appellant in Suit No. 4164 and hereinafter referred to by name) filed notice of opposition. January 7, 1937, Sparklets Corporation filed a motion to strike parts of the notice and on the same day a motion to dismiss the opposition. These motions were denied by the Examiner of Interferences in a decision dated February 2, 1937. Sparklets Corporation filed answer February 23, 1937. Walter Kidde Sales Company filed motion to strike certain parts of the answer, which motion was granted as to one item but denied as to others. The case finally was submitted without the taking of testimony.

In a decision dated May 26, 1937, the Examiner of Interferences held that Walter Kidde Sales Company had the right to oppose, saying inter alia: "In effect this device is more or less of an ingenious attempt to obtain a perpetual monopoly thereof in the guise of a trade-mark, attempts to obtain a monopoly for a *limited* period under the patent statutes having been so far unsuccessful. Accordingly, it is held that the opposer can qualify under the descriptiveness clause of Section 5. The notice of opposition is therefore sustained."

Also, the Examiner of Interferences denied registration "Regardless of the right of the opposer to intervene" upon the ground that "the description of the mark is negative and indefinite, whereas it should be affirmative and definite."

Sparklets Corporation filed application for rehearing, and pending that entered a motion to amend the application apparently in an attempt to meet the ex parte objections of the Examiner of Interferences. The amendment although opposed by Walter Kidde Sales Company was allowed and the Examiner of Interferences rendered a second decision which concluded: " * * * the notice of opposition is sustained and it is further adjudged that the applicant is not entitled to the registration for which it has made application."

Sparklets Corporation appealed to the commissioner assigning many reasons of appeal, among them being an allegation that it was error not to have dismissed the notice of opposition. The commissioner sustained this reason and reversed the Examiner of Interferences as to that holding, but affirmed his refusal to grant the registration "Regardless * * * of opposer's rights in the matter."

Both parties thereupon appealed to this court.

Under the view which we take of the case, it is unnecessary to consider the reasons of appeal assigned by Walter Kidde Sales Company. It is proper to say, however, that the record indicates that there has been a controversy between the respective parties here involved for a number of years from which litigation has resulted. The details of this litigation are not pertinent to the issue before us, and the matter is referred to only to show something of the background of the case. It appears that Sparklets Corporation and its parent company, a corporation of Great Britain, have been manufacturing bulbs of a plain type for syphon bottles over a long period of years and that Walter Kidde Sales Company several years ago entered the field and began manufacturing bulbs of the same type. Following certain litigation, Sparklets Corporation, according to its answer to the notice of opposition, "caused its inventor, Robert H. Campbell, to file an application for a design patent" for the bulb, the grooved feature of which is alleged to constitute a trade-mark, being the mark at issue here. The design patent was denied and that case is the subject of our decision in Re Campbell, supra. Sparklets Corporation has sought to protect the grooved bulb by securing either a design patent or a trade-mark registration or both. There is also printed in the record, although Sparklets Corporation claims it not to be a proper part thereof (a matter we shall later discuss) a mechanical patent, No. 2,066,517, issued to R. H. Campbell, assignor to Sparklets, Limited, London, England, for "Metallic Bulb and Holder." Drawings of this patent show grooved bulbs of the type involved in the design patent application, supra. The mechanical patent referred to was held invalid by the United States District Court in a decision rendered in February 1938. It appears that in deciding the design patent case the examiner indicated that the groove feature might be a proper matter for trade-mark registration, while the examiner in the trade-mark registration proceeding, as

quoted, supra, suggested "a design patent application would be the proper protective measure to adopt."

The Board of Appeals, however, did not in its decision in the Campbell case, supra, mention trade-mark registration, nor did the commissioner in the instant case suggest the feasibility of a design patent.

In his first decision in the instant case (May 26, 1937) the Examiner of Interferences made reference by number to the Campbell mechanical patent, No. 2,006,517, saying, "it appears that the groove in the capsule shown in the drawing performs a mechanical function," and the commissioner likewise referred to it in his decision rendered June 11, 1938, which was after the final decree of the United States District Court holding it invalid. He held, in effect, that the groove was an element of utility, and quoted from our decision in the case of In re National Stone-Tile Corp., 57 F.2d 382, 383, 19 C.C.P.A., Patents, 1101, the holding that: "It is well settled that the configuration of an article having utility is not the subject of trade-mark protection."

It is the contention of Sparklets Corporation that the Campbell patent was not properly a part of the record before the tribunals of the Patent Office and that it was error on their part to consider it.

It is said that the case was heard upon bill and answer upon the suggestion of the Examiner of Interferences, no evidence being introduced by either party. We note that the Examiner of Interferences did suggest that he regarded it "unlikely that any testimony would be useful relative to the question of *the right of the opposer to intervene between this Office and the applicant*," but he added "If, however, either of the parties desires to take testimony the examiner will set times for so doing upon a mere written request from the party wishing to take testimony." (Italics ours.) So, obviously, the way was open for taking testimony had either party desired it.

 It may be said that the Campbell patent was not issued until after the filing of the notice of opposition. Hence it could not have been pleaded then, nor introduced as an exhibit. That it might later have been introduced in evidence may be true, but that is immaterial here because, all this aside, the commissioner considered the patent solely in connection with his ex parte decision. We do not think it was error so to consider it. The patent was a part of the record of the office, and furthermore it was owned by Sparklets Corporation or its parent company. So, obviously, appellant could not have been taken by surprise.

It was not only the right but the duty of the tribunals of the Patent Office to determine, ex parte, and without reference to issues raised by the notice of opposition, whether the mark was entitled to registration. Coshocton Glove Co. v. Buskeye Glove Co., 90 F.2d 660, 24 C.C.P. A., Patents, 1338. In so doing it was proper to consider the official records in the Patent Office including the Campbell patent.

Whether the grooved feature did have utility is a question of fact. Sparklets Corporation denies that it has. The Campbell patent specification, however, teaches that " * * * the walls of the bulb are strengthened by a transverse depression or depressed band around the body * * *," and that "The depressed band or groove 28 in this bulb cooperates with the rib 27 to hold the neck of the bulb centrally in the nut of the bulb holder and in alignment with the piercing pin * * *."

It is perfectly evident that the groove was at least believed by the patentee to have utility at the time of making application, and claim 5 of the patent specifies a "bulb having a transverse depression, and a rib in said holder engaging in said depression to hold the bulb with its neck centrally disposed within said nut."

 We are unable to escape the conclusion that the groove as an entity possessed utility and, for that reason, under the authorities, is not a proper subject for registration as a trade-mark. In re Dennison Manufacturing Co., 39 F.2d 720, 17 C.C.P.A., Patents, 987, In re Vertex Hosiery Mills, Inc., 45 F.2d 249, 18 C.C.P.A., Patents, 725.

██ In view of our conclusion with respect to the matter of utility, it is unnecessary for us to pass upon the merits of the holding of the commissioner to the effect that quite apart from the question of mechanical utility the registration as a trade-mark would be unwarranted for the reason that it lacks trade-mark significance.

Upon the holding here made, the case becomes moot, so far as Walter Kidde Sales Company is concerned, and its ap-

peal (Suit No. 4164) is dismissed. Frankfort Distilleries, Incorporated, v. Dextora Company, 103 F.2d 924, 26 C.C.P.A., Patents, ——, and cases therein cited.

The decision of the commissioner denying ex parte the registration sought is affirmed.

Affirmed.