31 C.C.P.A. (Patents)

## ADAM HAT STORES, Inc., v. MONROE SHIRT CO.

### Patent Appeals No. 4919.

Court of Customs and Patent Appeals.
June 26, 1944.

Briesen & Schrenk, of New York City (Karl Pohl, of New York City, and Charles R. Allen, of Washington, D. C., of counsel), for appellant.

Herbert J. Jacobi, of New York City, for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, and JACK-SON, Associate Judges.

JACKSON, Associate Judge.

Appellant herein filed its application, Serial No. 426,592, December 15, 1939, under the Act of February 20, 1905, as amended, 15 U.S.C.A. § 81 et seq., for the registration of the trade-mark "ADAM" as applied to men's hats, shirts, men's and boys' clothes, neckties, and shoes made of leather, fabric, rubber, and combinations thereof. Use of the mark was claimed since June 13, 1924.

Upon publication of the mark appellee filed a notice of opposition alleging use in its business of manufacturing and selling shirts of the trade-mark "John Adams," by itself and its predecessors from long prior to June 13, 1924. It claimed use of its mark by itself since 1923, and also priority by reason of its ownership of registration No. 174,498, October 16, 1923, of the mark "John Adams" by one Sidney James Koblenzer. The registration alleges use of that mark since August 15, 1921 on shirts and similar goods. It further alleged that Koblenzer on February 27, 1936 sold, transferred and assigned his trade-mark and certificate of registration to appellee, as evidenced by an assignment recorded in the United States Patent Office February 28, 1936. Damage was alleged by reason of likelihood of confusion, the goods of the respective parties being claimed to be of the same descriptive properties, and the marks confusingly similar.

Appellant in its answer admitted that the registration of Koblenzer issued and that the goods of the parties are of the same descriptive properties. All other allegations were traversed.

Both parties took testimony.

The Examiner of Interferences based his decision upon the question of ownership and use of the marks as between the parties.

He summarized the record of appellant and held the evidence was satisfactory to prove that it had used the mark "ADAM" for hats continuously since the inception of its business in 1924, and the dates upon which use of the mark had been extended to shirts and other items set out in its application were not of importance.

Answering the contention of appellant that the claim of use by appellee and its claim of priority by derivation were inconsistent, the examiner stated that he believed ·ch allegations were sufficient to raise ·ie issue of ownership on both claims, citing by analogy Federal Equity Rule 30, 28 U.S.C.A. § 723, Appendix, which provides that a defendant may plead "as many defenses, in the alternative, regardless of consistency, as the defendant deems essential to his defense." He believed that a plaintiff possessed a corresponding right, and considered all of the testimony given with respect to both claims of appellee.

The examiner analyzed in considerable detail the testimony of five of the many witnesses for appellee for the reason that they were the only ones who testified to any dates of the use of its mark by appellee prior to 1924, the date established by appellant. That testimony was given many years after the events concerned, and with prior notice that the appellant claimed a date of use in the middle of 1924. It was pointed out by the examiner that their testimony was not supported by any competent documentary evidence nor were any dates fixed by events or matters which would support their testimony as to what they recalled, citing the case of Brewster-Ideal Chocolate Co. v. Dairy Maid Confectionery Co., 62 F.2d 844, 20 C.C.P.A., Patents, 848. Accordingly, the examiner held that any use of the mark by appellee was insufficient to establish a date as early as that awarded to appellant.

With respect to the ownership by appellee of the Koblenzer registration, the examiner stated that appellant did not deny appellee to be the assignee of record and agreed with appellant's contention that the execution of the assignment was not accompanied by the transfer of any business associated with the mark and therefore passed no title to the mark.

He accordingly dismissed the notice of opposition and adjudged that appellant was entitled to the registration for which it made application.

Upon appeal to the Commissioner of Patents one of the errors alleged was the failure of the examiner to adjudge that appellant was not entitled to the registration for which it made application.

The commissioner in his decision, 56 U.S.P.Q. 416, made no reference to the alleged error of the examiner above set out, held the assignment to be valid and

therefore concluded that the notice of opposition should have been sustained, and reversed the decision appealed from. From that decision this appeal was taken.

In our opinion the testimony on behalf of appellee with respect to its own use of the mark "John Adams" is of such an uncertain and contradictory nature, without any kind of competent evidence in support thereof, that it is clearly insufficient to establish a use by appellee of its mark prior to the beginning of 1933, as was held by the tribunals below. Therefore the decision here must be based on the validity of said assignment.

There can be no valid assignment of a trade-mark apart from an existing business and the goodwill attached thereto. Corr, etc., v. Oldetyme Distillers, Inc., 118 F.2d 919, 28 C.C.P.A., Patents, 1057, and the cases therein cited.

Appellant contends that on February 27, 1936, the date of the assignment, Sidney James Koblenzer had been out of the shirt business for many years and that the trade-mark "John Adams" had then been long abandoned. Appellee relies upon the testimony of Koblenzer together with the assignment of February 27, 1936 and a bill of sale of the same date. The assignment was signed by Sidney James Koblenzer and the bill of sale by M. Koblenzer & Son, John Adams Shirt Co., and John Adams Shirt Co., Inc., all by Sidney James Koblenzer.

It appears that that mark had been used originally on shirts sold by Koblenzer in the business he conducted under the name of M. Koblenzer & Son. On February 20, 1923 Koblenzer and others formed the John Adams Corporation, which name was changed to John Adams Shirt Co., Inc., on October 30 of that year.

The witness Koblenzer did not remember the incorporation of that company and could not recall whether shirts were sold by it under the trade-mark "John Adams." That that corporation must have sometime used the trade-mark "John Adams" seems to us to be likely by reason of a recitation in the bill of sale that the vendors stated that such trade-mark was used in their business, and certainly it seems reasonable to conclude that the trade-mark which was the distinctive portion of the corporate name would have been used upon the articles dealt in by that corporation. The corporation ceased doing business in October 1925 and was dissolved by proclamation of the Secretary of State of the State of New York on December 15, 1931, and such dissolution has not been annulled.

We think it is clear that when the assignment of February 27, 1936 and the bill of sale of that date were made, none of the parties purporting to sell the alleged business and the goodwill thereunto attached were in the shirt business.

Koblenzer had been in the insurance business since 1929, and testified that he took time for the shirt business "in between." He could not remember the name of a single customer to whom he had sold "John Adams" shirts; did not know what became of the records of M. Koblenzer & Son; did not remember what became of the minute books of the John Adams Shirt Co., Inc.; did not know how many customers he had sold; when asked where he last had a store for the sale of shirts, he answered "I do not think it necessary to have a store"; he did not remember who made the shirts; and he did not know how many shirts he sold, stating it made no difference whether he sold 2 dozen or 20 dozen.

With respect to the sale of the trade-mark Koblenzer testified that he turned over a box of labers and hangers. Nothing else was turned over.

The bill of sale covers "all their right, title and interest in and to the business for the manufacture and sale of shirts, etc., *formerly* owned and operated by the said parties of the first part at No. 359 Broadway, in the Borough of Manhattan, City of New York, or other place, including therewith the good-will of said business and a trade-mark, designated and described as "John Adams", used therein and controlled by said parties of the first part, more particularly known as Trade-Mark 174,498 and registered in the United States Patent Office on or about the 16th day of October, 1923 and issued originally to the above-named Sidney James Koblenzer (doing business under the assumed name of M. Koblenzer & Son) and used in connection with work, negligee and dress shirts, pyjamas, men's, women's and children's textile underwear, women's, men's and boys' hats, hose, shoes of leather, fabric or combinations thereof, collars, cravats, etc., in Class 39, Clothing." (Italics added.)

It is significant to note in the above quotation that the document purports to

996

transfer the right, title and interest in and to the business for the manufacture and sale of shirts *formerly* owned and operated by the said parties of the first part. Under *no construction can it be said that such* language purported to show a present ownership in the vendors. It may be further stated that the consideration for the bill of sale and assignment was the sum of only $150 and it was testified to by one of the partners of appellee that it endeavored to buy the name "John Adams" to avoid litigation.

If we were to agree with the Commissioner of Patents in his holding that there was a business in existence in connection with which the trade-mark was used on February 27, 1936 we would be compelled to ignore the disclosure in the bill of sale that the vendors had *formerly* owned the business, and base our conclusion upon a record which to our way of thinking is utterly incredible. There was no shirt business in existence on that date operated by Koblenzer, or M. Koblenzer & Son, or John Adams Corporation, or John Adams Shirt Co., Inc. Therefore it follows that the sale and assignment herein was merely of a naked title to the mark, and hence invalid. See Corr, etc., v. Oldetyme Distillers, Inc., supra.

Appellee contends that the mark "ADAM" should have been rejected on the prior registration of the mark "John Adams" by Koblenzer. That contention may or may not be sound. It was before the Commissioner of Patents but no ruling was made thereon. This court has held many times that in opposition proceedings it is the duty of the Patent Office tribunals to decide the registrability of a mark. Sparklets Corporation v. Walter Kidde Sales Company, 104 F.2d 396, 26 C.C.P.A., Patents, 1342. Clearly the Patent Office must have considered appellant's mark registrable, otherwise it would not have been passed for publication. The Examiner of Interferences specifically held in his decision that the mark was registrable and the Commissioner, although the matter was presented to him, did not act thereon. Therefore we do not deem it proper for this court to decide that question in the absence of a decision by the commissioner.

For the reasons hereinbefore stated the decision of the Commissioner of Patents is reversed and the case remanded for the purpose of considering the registrability of appellant's mark.

Reversed and remanded.